UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Plaintiff,

v.

Dan DRINKARD, Jr., Administrator of
the Estate of Dan Drinkard, III,
Deceased,

J. Nelson Ingoldsby, Administrator of the
Estate of Carole Perkins, Deceased,
and
Billy Roy Simpson, Defendants,
and
New York Underwriters Insurance Company, Intervener.

Civ. A. No. 65-C-67-A.

United States District Court
W. D. Virginia,
Abingdon Division.

June 8, 1966.

Donald T. Stant, Stant & Roberts, Bristol, Va., for U. S. Fidelity & Guaranty Co.

George M. Warren, Jr., Bristol, Va., for Dan Drinkard, Jr., and J. Nelson Ingoldsby.

H. Emory Widener, Jr., Widener, Widener & Frackelton, Bristol, Va., for Billy Roy Simpson.

Andrew P. Miller, Penn, Stuart & Miller, Abingdon, Va., for New York Underwriters Ins. Co.

## OPINION

DALTON, Chief Judge.

On April 16, 1965, in Sullivan County, Tennessee, Dan Drinkard, III and Carole Perkins, both college students, were killed in an automobile accident while riding as passengers in an automobile driven by Dennis Malone. Suit was instituted and is now pending in the Corporation Court of Bristol, Virginia by the Administrator of the estate of each of the deceased persons against Malone, Ron A. Henard, Kathy Henard, his daughter, and Billy Roy Simpson. The alleged basis of Simpson's liability, and that of the two Henards, is that on the night of the accident Simpson was following the Malone car in a Mustang automobile, owned by Henard and furnished by him to his daughter for her regular and unrestricted use, which Kathy Henard had loaned to Simpson to drive.

This action was brought seeking a declaratory judgment to determine whether Henard's insuror, United States Fidelity and Guaranty Company (hereinafter referred to as "USF&G"), is obligated to appear and defend Simpson in the State court and to pay any judgment that may be rendered against him in that action.

The evidence is clear that on the night of the fatal accident Simpson had been riding around with a friend of his in another automobile which had run out of gas. He therefore called Kathy Henard, his girl friend, and requested permission to borrow her Mustang. Kathy knew that Simpson's license to drive had been taken away by the Municipal Court in Bristol, Virginia, and told him that it would be better if he got a licensed driver to operate the vehicle, "but if he didn't to be sure and be careful." From the depositions taken, the court is convinced that on the night of the accident,

Kathy Henard had given Billy Roy Simpson permission to drive her Mustang automobile.

Ron A. Henard, Kathy's father, was and is president and sole stockholder of Henard Enterprises, Incorporated, which operates the Ford agency in Bristol. Sometime prior to the accident, Mr. Henard had ordered the Mustang automobile in question for his daughter and had given it to her for her own use. Title, however, remained in Henard Enterprises and the car was operated with dealer's tags on it. At the time she received the vehicle, Kathy had a learner's driving permit which required her to have a licensed driver in the car when she was operating it. Mr. Henard testified that he, himself, laid down no restrictions with respect to Kathy's use of the Mustang.

There are two questions presented for decision in this declaratory judgment proceeding:

(1) does the garage liability insurance policy issued by USF&G to Henard Enterprises, Incorporated obligate that insurer to appear and defend Billy Roy Simpson and to pay any judgment which may be rendered against him in the pending state actions? If so,

(2) what is the extent of the coverage afforded Simpson under said policy?

The policy in question provides under PART I—LIABILITY that USF&G is obligated to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage caused by "(b) [t]he ownership, maintenance or use of any automobile owned by the Named Insured while furnished for the use of * * * (ii) any other person or organization to whom the Named Insured furnishes automobiles for their regular use." (Automobile Hazards, para. 1(b).)

By an amendment to the policy, the following paragraph was added under "Persons Insured":

(4) With respect to an automobile to which the insurance applies under

paragraph 1(b) of the Automobile Hazards, any person while using such automobile with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation of or (if he is not operating) his other actual use thereof is within the scope of such permission;

■ It seems obvious that Billy Roy Simpson is covered by the terms of the policy itself. Kathy Henard was one to whom the named insured furnished an automobile for regular use and Simpson was driving the automobile with the permission of Kathy, "the person or organization to whom such automobile is furnished". There is no contention that Simpson was not driving within the scope of this permission.

USF&G's chief argument seems to be that the permission given by Kathy was not binding on the insurer since she was an infant and, as such, not liable for torts committed by another to whom she entrusted the use of her automobile when she was not present in the automobile. While the proposition of law, as stated, may be correct, the court believes that it is not controlling here, as the question is not whether Kathy may be held liable in tort for the negligence of Simpson, but whether the operation of the Mustang by Simpson falls within the terms of the policy issued by the plaintiff. The language of the policy is clear and does not qualify the word "permission" to make it apply only to permission granted by one who has attained his majority. The court has been cited to no cases, and is aware of none, which hold that as a general proposition of insurance law, permission such as that specified in the policy in question may not be granted by a minor.

The decisions cited by plaintiff in its brief all involve either the "Family Purpose Doctrine" or the legal liability of a parent for the tort of a minor child, and so are not in point with the instant case. The court can think of only one situation in which they might be relevant: assuming that the policy obligated the insurer to pay on behalf of the *named* insured all sums which the named insured might become legally obligated to pay as damages because of an accident such as the one here, it could be argued that since Miss Henard could not be held liable for the negligence of Simpson, such negligence could never be imputed back to her father (acting as Henard Enterprises, the named insured), and so the named insured could never become legally obligated to pay any judgment which might be rendered against the negligent driver. However, the policy in question is broader than the example just given, as it provides for payment of all sums which the *insured* might become legally obligated to pay. Billy Roy Simpson is not the *named* insured, but, by the terms of the policy, he is an *insured person* and as such is covered.

■ Plaintiff contends that an amendment to Paragraph 1(a), (b), and (c) of "Limits of Liability" limits its liability in this case to the amounts specified in the Financial Responsibility Law of the state in which the automobile is principally garaged. However, that amendment begins, "Provided that with respect to a person described as Insured under paragraph 3(b) of Persons Insured * * *", and Billy Roy Simpson was described as an insured person under paragraph (4) of "Persons Insured." For this reason, the court is of the opinion that the full limits of liability under the policy are available in this case.

It is the judgment of this court that Billy Roy Simpson is an insured under the garage liability policy issued by United States Fidelity and Guaranty Company to Henard Enterprises, Incorporated, and that the insurer is obligated to appear and defend Simpson in the action now pending in the Corporation Court of Bristol, Virginia, and to pay any judgment which might be rendered against Billy Roy Simpson in that court.

An order will be entered to this effect.